IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEBERTO BOCANEGRA, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:20-cv-3000-K |
| | § | No. 3:07-cr-190-K-3 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Heberto Bocanegra's supplemental motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the matter is now ripe for ruling. For the following reasons, the Court GRANTS Bocanegra's supplemental § 2255 motion.

I.

On July 17, 2007, Bocanegra pleaded guilty to the following: (1) conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) (count one); (2) kidnapping and aiding and abetting in violation of 18 U.S.C. §§ 1201(a) and 2 (count two); (3) use of interstate communication facilities to demand ransom and aiding and abetting in violation of 18 U.S.C. §§ 875 and 2 (count four); and (4) using, carrying, and brandishing a firearm during or in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (count five). (CR docs. 62, 75.)

On November 7, 2007, the Court sentenced Bocanegra to a total term of 300

months' imprisonment. (CR doc. 122.) He received 180 months' imprisonment on each of counts one, two, and four, to run concurrently, and 120 months' imprisonment on count five, to run consecutive to the terms imposed on each of counts one, two, and four. (*Id.* at 2.) He was ordered to pay restitution in the amount of $26,018.00, and he was held responsible jointly and severally with his codefendants. (*Id.* at 5.)

Bocanegra filed a direct appeal to the Fifth Circuit Court of Appeals. On June 5, 2008, his direct appeal was dismissed as barred by the appeal waiver in his plea agreement. *See United States v. Bocanegra*, No. 07-11259 (5th Cir. June 5, 2008).

The Court received Bocanegra's original § 2255 motion on June 1, 2009. *See Bocanegra v. United States*, Case No. 3:09-cv-1006 (N.D. Tex.). On May 26, 2010, the Court denied his § 2255 motion and a certificate of appealability. (*See id.*, docs. 6, 7.)

On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of the "crime of violence" definition contained in § 924(c)(3)(B) was unconstitutionally void for vagueness. Bocanegra then filed his "Application for Second or Successive Motion to Vacate, set Aside or Correct Sentence," received by this Court on September 28, 2020. (CR doc. 202.) In his filing, Bocanegra argued that considering *Davis*, the Court should correct his sentence imposed under § 924(c)(1)(A). (*Id.* at 1.) The Court construed the filing as a § 2255 motion, and because Bocanegra previously filed a § 2255 motion that was resolved on the merits, the Court determined his motion was a second or successive § 2255 motion, and he lacked the proper authorization from the Fifth

Circuit. (CV doc. 3 at 1-3.) On October 7, 2020, the Court transferred the motion to the Fifth Circuit. (*Id.* at 1, 3.) On May 11, 2021, the Fifth Circuit "tentative[ly]" authorized Bocanegra's request to file a successive § 2255 motion challenging his count five conviction based on *Davis*. (CV doc. 6 at 2-3.) The same day, the instant case was reopened in this Court, counsel was appointed for Bocanegra, and he was directed to file a supplemental § 2255 motion within 30 days. (CV docs. 7-9.)

On June 15, 2021, Bocanegra, through counsel, filed a supplemental § 2255 motion. (CV doc. 11.) Bocanegra generally argues that his count five conviction was based on § 924(c)'s residual clause, and under *Davis*, this Court should vacate his count five conviction and sentence under § 924(c) and resentence him. (*Id.* at 1, 9.) Bocanegra contends that federal kidnapping is not a violent crime under the elements clause of § 924(c)(3)(A). (*Id.* at 2-3.) He further contends that his supplemental § 2255 motion satisfies the requirements for a successive motion under 28 U.S.C. § 2255(h)(2). (*Id.* at 3-6.)

The government argues that the Court should dismiss Bocanegra's successive § 2255 motion as waived by his plea agreement or, in the alternative, it should be dismissed as procedurally barred. (CV doc. 14 at 6, 10-19.) The government concedes that this Court has rejected both arguments as applied to Bocanegra's coconspirators, but it presents them again to preserve them for any future review. (*Id.* at 6, 19.) *See, e.g., Bocanegra v. United States*, No. 3:18-cv-2977-K, 2021 WL 977059 (N.D. Tex. Mar. 16, 2021) (the movant, a codefendant to Bocanegra, filed a successive § 2255 motion

arguing federal kidnapping was not a crime of violence under *Davis*, the Fifth Circuit granted authorization, and the movant's § 924(c) conviction was vacated).

II.

In determining that a § 2255 motion was timely under 28 U.S.C. § 2255(f)(3), the Fifth Circuit previously held "that *Davis* announced a new rule of constitutional law retroactively applicable on a first habeas petition." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (observing that "the rule announced in *Davis* meets the standard for a new substantive rule," because the United States Supreme Court held "that § 924(c)(3)'s residual clause 'sweeps more broadly than the elements clause—potentially reaching offenses, like burglary, that do not have violence as an *element* but that arguably create a substantial *risk* of violence.' In other words, the residual clause allows for punishment of certain offenses that the elements clause cannot otherwise reach. Consequently, the residual clause's invalidation narrows the scope of conduct for which punishment is now available.") (internal citation omitted) (quoting *Davis*, 139 S. Ct. at 2334).

In ruling on an initial § 2255 motion, the Fifth Circuit applied the ruling in *Davis* to vacate a § 924(c) conviction predicated on federal kidnapping. *See United States v. Carreon*, 803 F. App'x 790, 791 (5th Cir. 2020) (per curiam) ("*Davis* held that Section 924(c)(3)(B)'s residual clause definition is unconstitutional. 139 S. Ct. at 2336. Thus, following *Davis*, Carreon's Section 924(c) conviction 'can be sustained only if [kidnapping] can be defined as a [crime of violence] under § 924(c)(3)'s element's

4

clause.' *Reece*, 938 F.3d at 635"); *see also Ornelas-Castro v. United States*, No. 3:20-cv-2165-K, 2020 WL 7321059, at *2 (N.D. Tex. Dec. 11, 2020) (Kinkeade, J.) ("After *Davis*, Ornelas-Castro's Count Five Section 924(c) conviction—which is predicated on kidnapping—is problematic because that crime does not satisfy Section 924(c)'s force clause, Section 924(c)(3)(A), and Section 924(c)'s residual clause can no longer support it.") (citing *Reece*, 938 F.3d at 635; *Carreon*, 803 F. App'x at 791). Here, the government also concedes that "applying the categorical approach, kidnapping does not satisfy the force clause." (CV doc. 14 at 11) (citing *Carreon*, 803 F. App'x at 791).

In this case, however, this is not Bocanegra's first § 2255 motion. Therefore, to obtain relief, he must clear a higher hurdle. *See, e.g., In re Hall*, 979 F.3d 339, 342 (5th Cir. 2020) ("Because this is a successive federal habeas petition, however, [the petitioner] must show (among other things) that *Davis* has been 'made retroactive to cases on collateral review by the Supreme Court.'") (quoting § 2255(h)(2) (emphasis omitted)).

The Fifth Circuit has explained,

> [u]nder 28 U.S.C. §§ 2244(b) and 2255(h), "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). "There are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *Id.* (internal citation omitted). First, the prisoner must make a "prima facie showing" to the circuit court "that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *Id.* (quoting 28 U.S.C. §§ 2244(b), 2255(h)). Second, after receiving

5

permission from the circuit court to file a successive petition, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)). Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits. *Id.*

*United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019).

Here, the Fifth Circuit allowed Bocanegra to pass through the first gate. *See* (CV doc. 6 at 2) ("We determine that Bocanegra has made 'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'") (internal quotation marks omitted) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)); (CV doc. 14 at 9 n.2) ("Here, the Fifth Circuit ruled that Bocanegra passed through the first gate[.]"); s*ee also Wiese*, 896 F.3d at 723. The government concedes that Bocanegra should also be allowed to pass through the second gate. (CV doc. 14 at 9 n.2) ("Given that Count Five was predicated on the Count-Two kidnapping, (*see* [CR No. 43 at 8]), and given the state of the law at the time of Bocanegra's judgment [on November 20, 2007], *see United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003) (applying a categorical approach to determine whether an offense is a Section 924(c) crime of violence), the government concedes that Bocanegra can pass through the second gate.) *Wiese*, 896 F.3d at 725."

Considering the government's concession regarding the second gate, and because the Court recently granted a successive § 2255 motion that is strikingly similar to Bocanegra's, *see Ornelas-Castro*, 2020 WL 7321059, at *1-*4, the Court finds that Bocanegra has proven "that the relief he seeks relies [ ] on a new, retroactive rule of

6

constitutional law," *Wiese*, 896 F.3d at 723 (citing §§ 2244(b)(2), (4)). Damarius Ornelas-Castro, Bocanegra's codefendant, received authorization from the Fifth Circuit to file a successive § 2255 motion on August 12, 2020, and on the same day, she filed her successive § 2255 motion in this Court. (Case No. 3:07-cr-190-K-4, docs. 200, 201; Case No. 3:20-cv-2165-K.) In her successive § 2255 motion, Ornelas-Castro challenged her § 924(c) conviction, which was predicated on kidnapping, under the Supreme Court's *Davis* decision. (Case No. 3:20-cv-2165-K, docs. 1, 7.) On December 11, 2020, this Court held: (1) Ornelas-Castro's post-conviction waiver was not enforceable under the miscarriage of justice exception; (2) Ornelas-Castro's procedural default was excused; and (3) Ornelas-Castro was entitled to relief on her § 924(c) conviction. (Case No. 3:20-cv-2165-K, docs. 12, 13.) In sum, this Court granted Ornelas-Castro's successive § 2255 motion, vacated her § 924(c) conviction, and resentenced her.

Finally, the government concedes that this Court previously ruled against it on the waiver and procedural default arguments, (CV doc. 14 at 10, 19), and for the reasons previously explained in *Ornelas-Castro*, the Court now finds as follows: (1) the miscarriage-of-justice exception applies as to the enforcement of the waiver in Bocanegra's plea agreement, *see Ornelas-Castro*, 2020 WL 7321059, at *2-*3 ("Ornelas-Castro was convicted under an indictment that did not charge a valid offense with respect to count five, and she is actually innocent of the offense charged in count five. Accordingly, under these circumstances, the miscarriage of justice exception applies,

7

and Ornelas-Castro's collateral-review waiver is not enforceable."); and (2) Bocanegra's "procedural default is excused by cause and prejudice on the basis that [his] *Davis* claim was not reasonably available to [him] when [he] filed [his] direct appeal," *id.* at *3. Therefore, like the Court previously found in *Ornelas-Castro*, *id.* at *4, it now finds that Bocanegra is entitled to relief on his § 924(c) conviction.

III.

For the foregoing reasons, the Court GRANTS Bocanegra's supplemental § 2255 motion and VACATES his conviction and sentence for using, carrying, and brandishing a firearm during or in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 under count five of the indictment. The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from U.S. Probation or the parties.

SO ORDERED.

Signed July 7th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICE JUDGE

8